IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RAYMOND SMITH, #18635-039<br>    Petitioner<br>  v.<br><br>WARDEN LISA HOLLINGSWORTH<br>    Respondent | *<br><br>*<br><br>*<br>*** | <br><br>CIVIL ACTION NO. AMD-05-3226 |

MEMORANDUM

On January 12, 1996, a jury in the United States District Court for the Eastern District of Michigan found Raymond Smith guilty of conspiracy to distribute and to possess with intent to distribute controlled substances, attempted possession with intent to distribute cocaine, and carrying a firearm during and in relation to a drug trafficking crime. *See United States v. Smith*, Criminal No. PVG-93-80803 (E.D. Mich.). On June 11, 1996, petitioner was convicted and sentenced to 135 months on the drug counts and a consecutive 60 month term on the firearm conviction. *Id*. Smith appealed his convictions and sentences to the United States Court of Appeals for the Sixth Circuit, which issued its mandate on August 24, 1998, affirming his convictions and sentences. *See United States v. Smith,* 149 F.3d 1185, 1998 WL 385471 (6th Cir., June 29, 1998). On June 30, 1999, Smith filed a motion pursuant to 28 U.S.C. § 2255, which was denied by the United States District Court for the Eastern District of Michigan on March 29, 2001. The Sixth Circuit denied Petitioner's request for a certificate of appealability on December 14, 2001.[1]

On November 29, 2005, petitioner, who is confined at the Federal Correctional Institution in Cumberland, Maryland, filed this petition for writ of habeas corpus. He attacks his federal convictions, alleging "actual innocence of a violation of the controlled substance statutes, 21 U.S.C.

---

[1] The docket in *United States v. Smith*, Criminal No. PVG-93-80803 (E.D. Mi.), shows that in 2005, petitioner filed a motion to amend his motion to vacate and a motion filed pursuant to Fed. R. Civ. P. 60(b). Those motions remain pending before the district court.

§§ 841(a) & 846 and 18 U.S.C. § 924(c)(1)." Petitioner claims that at the time of his arrest and trial there was no evidence of controlled substances or the distribution of controlled substances,

Generally, challenges to a federal conviction are more properly filed as § 2255 motions. There is no evidence that petitioner has received "gatekeeper" approval from the Sixth Circuit to file what would be a successive motion to vacate. Petitioner, however, argues that his remedy by way of § 2255 is inadequate and ineffective because he has been denied relief under § 2255 and his claim does not qualify him to file a second or successive motion, admitting that he is unable to meet the gatekeeping rule governing second § 2255 motions. He therefore seeks to invoke this court's habeas corpus jurisdiction.[2]

The Fourth Circuit has determined that "§ 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision."[3] *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (internal citations omitted); *see also In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). In *Jones*, the Fourth Circuit held that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." *Jones,* 226 F.3d at 333-34; *see also*

---

[2] The law is well established that a § 2241 petition is intended to address the execution of a sentence rather than its validity, *i.e.*, imposition or duration. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997).

[3] Under 28 U.S.C. § 2244(b), a petitioner may file a second or successive § 2255 motion only if he has moved the appropriate court of appeals for an order authorizing the district court to consider his application. *See* 28 U.S.C. § 2244(b)(3); *see also United States v. Rich*, 141 F.3d 550, 551, 553 (5th Cir. 1998). Thus, before a district court may consider successive motion, an appellate court must enter an order authorizing the district court to do so. *See* 28 U.S.C. § 2244(b)(3)(A).

*Young v. Conley*, 128 F.Supp.2d 254, 357 (S.D. W.Va. 2001).

Constitutional challenges to the validity of a conviction or a sentence must be brought under § 2255 as Congress intended. *See Young*, 128 F. Supp.2d at 357. Here, petitioner has done no more than (1) present arguments which were, or could have been, raised on appeal and/or in a timely filed § 2255 motion, and (2) attempt to circumvent the procedural bar to filing a successive § 2255 motion. The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *See Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999).

Because Smith has not satisfied the criteria set forth in *Jones* for demonstrating that § 2255 is an "inadequate or ineffective remedy," the petition shall be dismissed.[4] A separate Order follows.

Filed: December 19, 2005
        /s/_____
        Andre M. Davis
        United States District Judge

---

[4] A similar analysis and finding was made in petitioner's prior § 2241 petition, which attacked his federal firearms conviction. *See Smith v. Shearin*, Civil Action No. AMD-03-1553 (D. Md.). That decision was affirmed by the Fourth Circuit. *See Smith v. Shearin*, 103 Fed. Appx. 744 (4th Cir., Aug. 3, 2004)(per curiam).